IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARBARA KRAGOR, | x | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION FILE NO. 1:10-cv-00125-WCO |
| TAKEDA PHARMACEUTICALS AMERICA, INC., | : | |
| Defendant. | : | |
| _____ | x | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF
UNDISPUTED MATERIAL FACTS**

1.

Undisputed.

2.

Undisputed.

3.

Undisputed.

4.

Undisputed.

5.

Undisputed.

6.

Undisputed.

1

7.

Undisputed.

8.

Undisputed.

9.

Undisputed.

10.

Undisputed.

11.

Undisputed.

12.

Undisputed.

13.

Undisputed.

14.

Undisputed.

15.

Undisputed.

16.

Undisputed.

17.

Undisputed.

2

18.

Undisputed.

19.

Undisputed.

20.

Undisputed.

21.

Undisputed.

22.

Undisputed.

23.

Undisputed.

24.

Disputed.  Plaintiff disputes Defendant's characterization of her deposition testimony as a "concession."  Plaintiff affirmatively testified that she did not want to add one Dr. Leichter as a speaker for the drug Actos because he had not been prescribing it, had been very negative towards it, and she did not want his addition as a speaker on behalf of Actos to be viewed as a *quid pro quo* arrangement. Plaintiff affirmatively testified that that was not how she or Takeda did business. (Kragor Dep. 177 – 79).

25.

Disputed. The proposed undisputed fact is supported only by inadmissible hearsay.

26.

Disputed. The proposed undisputed fact is supported only by inadmissible hearsay.

27.

Disputed. The proposed undisputed fact is supported only by inadmissible hearsay.  Ms. Kragor testified to the contrary that she was present at a lunch – not a dinner – when Dr. Leichter and Tres Green were present and Dr. Leichter asked to be restored to the speakers list.  During that conversation, Dr. Leichter did not ask to be treated the same as Dr. Bode and in fact did not mention Dr. Bode's name at all. (Kragor Dep. 171 – 81).

28.

Disputed. The proposed undisputed fact is supported only by inadmissible hearsay. *See*, No. 27.

29.

Undisputed.

30.

Undisputed.

31.

Undisputed.

32.

Undisputed.

33.

Undisputed.

34.

Undisputed.

35.

Undisputed.

36.

Undisputed.

37.

Disputed. The proposed undisputed fact is supported only by inadmissible hearsay. *See*, No. 27.

38.

Undisputed.

39.

Undisputed.

40.

Disputed. The proposed undisputed fact is supported only by inadmissible

hearsay. *See*, No. 27.

41.

Disputed. Ms. Kragor did not instruct the sales representatives who reported

to her to expense the holiday parties for Dr. Bode. (Kragor Dep. 187; Kragor Decl.,

¶21). Further, the proposed undisputed fact is based on inadmissible hearsay.

42.

Disputed. The proposed undisputed fact is based on inadmissible hearsay.

Ms. Kragor did not provide buddy passes to Dr. Bode. (Kragor Decl., ¶¶15, 16;

Kragor Dep. 165, 67, 216 - 17; Bode Decl., ¶¶4, 6).

43.

Undisputed.

44.

Undisputed.

45.

Undisputed.

46.

Disputed. Ms. Kragor did not instruct the sales representatives who reported

to her to expense the holiday parties for Dr. Bode. (Kragor Decl., ¶21). Jason Diaz

admitted that Ms. Kragor had not requested him to do that. (Anderson Decl., ¶9).

Further, the proposed undisputed fact is based on inadmissible hearsay.

47.

Disputed. The proposed undisputed fact is supported only by inadmissible hearsay.

48.

Disputed.  The expense reports reflect only legitimate expenses.  There is no indication on the expense reports that the luncheon expenses, which were within Takeda guidelines, were for a holiday party. (Kragor Dep., Exs. 20 – 24; pp. 187 – 203).

49.

Undisputed.

50.

Disputed. The proposed undisputed fact is supported only by inadmissible hearsay.  Further, this is not a material fact, since it establishes only that Mr. Diaz and Ms. Woodlief decided to expense holiday parties for Dr. Bode without Ms. Kragor's knowledge or approval. *See*, Nos. 46 - 48; (Kragor Dep. 187 – 204).

51.

Disputed. The proposed undisputed fact is supported only by inadmissible hearsay.  The proposed undisputed fact is not material because Mr. Diaz's self-

serving assumption of what Ms. Kragor expected, absent any statement by Ms. Kragor to support Mr. Diaz's assumption, is not relevant or material. Ms. Kragor did not authorize Mr. Diaz or anyone else to expense holiday parties for Dr. Bode. (Kragor Dep. 187 – 204).

52.

Disputed. The proposed undisputed fact is supported only by inadmissible hearsay. Ms. Kragor did not instruct Jason Diaz or any other sales representatives who reported to her to expense holiday parties for Dr. Bode. (Kragor Decl., ¶21; Kragor Dep. 187 – 204; *See*, Nos. 46 – 48).

53.

Disputed. *See*, Nos. 46 – 48, 52.

54.

Undisputed.

55.

Disputed. This is not a material fact since Ms. Kragor denied Mr. Diaz's assertions that she had authorized him to expense holiday parties for Dr. Bode when she was confronted with his allegation. (Kragor Dep. 187 – 204).

56.

Undisputed.

57.

Undisputed.

58.

Undisputed.

59.

Undisputed. *But See*, No. 48.

60.

Undisputed.

61.

Undisputed.

62.

Undisputed.

63.

Undisputed.

64.

Undisputed.

65.

Undisputed.

66.

Undisputed.

67.

Undisputed.

68.

Disputed.  This is not a material fact since it was Dan Orlando, not Ms. Anderson, who made the ultimate decision to discharge Ms. Kragor. (Anderson Decl., ¶13; Orlando Decl., ¶9; Kragor Decl., ¶12) and Mr. Orlando admitted to Dr. Bode that Ms. Kragor had not done anything wrong and that she should not have been fired. (Bode Decl., ¶8).

69.

Undisputed.

70.

Disputed. An August 26, 2008 email from Melissa Anderson to Erika Marder reflects that Dan Orlando's input was central to the "group" dialogue. (Exh. 3).

71.

Undisputed.

72.

Undisputed.

73.

Disputed.  *See*, No. 70.

10

74.

Disputed. *See*, No. 70.

75.

Undisputed.

76.

Undisputed.

77.

Disputed. Everybody at Takeda – including but not limited to Dan Orlando – knew that Ms. Kragor's husband had a pre-existing personal relationship as golfing buddies with Dr. Bode and that Mr. Kragor, as a Delta pilot, occasionally provided Dr. Bode with Delta buddy passes as part of that relationship. Upper level management at Takeda know all about Dr. Bode and Bud Kragor golfing together and about the aforesaid practice whereby Ms. Kragor would act as intermediary in Dr. Bode purchasing buddy passes from Bud Kragor. (Kragor Decl., ¶¶15 - 18; Kragor Dep. 165, 216, 217). Ms. Kragor specifically told her supervisors, Kirk Barnes, Jay Cardiello and Jen Jennings about it. (Kragor Dep. 217). Kirk Barnes, one of Ms. Kragor's supervisors, also golfed with Dr. Bode. (Kragor Dep. 216). Thus, upper level management at Takeda knew all about these arrangements well in advance of any investigation in the summer of 2008. (Kragor Dep. 165, 216 – 17). After Ms Kragor was fired, Dan Orlando admitted to Dr.

11

Bode that she had done nothing wrong, that she had done everything right, and that she should not have been fired. (Bode Decl., ¶8).

78.

Disputed. Plaintiff disputes that Mr. Orlando had a good faith belief that Ms. Kragor had violated any of Takeda's compliance policies and/or had engaged in any acts that raised the appearance of impropriety. *See*, No. 77.  Plaintiff does not dispute that Mr. Orlando made the decision to terminate Ms. Kragor's employment.

79.

Undisputed.

80.

Undisputed.

81.

Undisputed.

82.

Undisputed.

83.

Disputed. Two days after Ms. Kragor was fired, Ms. Jennings wrote an email to Deborah Hall that Ms. Jeter would "take precedence".  (Exh. 2).

12

84.

Undisputed.

85.

Disputed.  At the time that Ms. Jeter applied for Ms. Kragor's former position, Ms. Jeter was effectively without a job.  She was considered "assigned, but displaced" as a result of the merger with TAP Pharmaceuticals.  (Kragor Dep. 145; Kragor Decl., ¶9).

86.

Disputed.  *See*, No. 85.

87.

Disputed:  The citations to the record do not support the proposed Undisputed Fact.  The statements in ¶¶16, 17 of Ms. Anderson's Declaration are inadmissible hearsay.  The statement in ¶4 of Ms. Jennings' Declaration does not deny that Mr. Orlando was involved in the decision to hire Ms. Jeter for Ms. Kragor's former position.  Notably, Mr. Orlando does not deny any such involvement in his Declaration.

88.

Undisputed.

89.

Undisputed.

90.

Undisputed.

91.

Undisputed.

92.

Undisputed.

93.

Undisputed.

94.

Undisputed.

95.

Disputed.  This is not a material fact, nor is it relevant.  Dan Orlando was Vice President of Sales-Diabetes, and thus a logical person for Ms. Kragor to provide as a reference.  The fact that Ms. Kragor provided Mr. Orlando's name as a reference does not make it either more or less likely that Mr. Orlando made the ageist comment attributed to him by Ms. Kragor.

96.

Undisputed.

14

97.

Disputed. The proposed undisputed fact is inherently vague and thus unsupported by citation to the record.  Defendant fails to specify in what material respects, if any, Defendant's policies changes during the stated period of time.

98.

Disputed.  *See*, No. 97.

99.

Disputed.  This is not a material fact because the "expectations of Takeda pursuant to which Kragor was terminated were identical to the ones that had been set forth in the previous version of the policy issued in 2006." (Undisputed Fact No. 100, n.2).

100.

Undisputed.

101.

Disputed.  This is not a statement of undisputed fact but is rather, a suggested conclusion of law.  Defendant is asserting here that similarly situated employees to Ms. Kragor, who violated Defendant's compliance policies prior to 2008 should be viewed differently from Ms. Kragor so as not to be considered comparators.  This is a legal argument, not a factual statement.

15

102.

Disputed. *See,* No. 101. To the extent that Defendant's compliance policies prior to 2008 permitted golf outings but only up to certain monetary limits, violation of those policies by exceeding those monetary limits constituted violations of Defendant's compliance policies and raised the appearance of impropriety, so as to make the employees who had committed those violations comparators with Ms. Kragor.

103.

Disputed. *See*, Nos. 101, 102.

104.

Disputed. *See*, Nos. 101, 102.

105.

Disputed. The proposed undisputed fact is inherently vague and thus not supported by the citation to the record. It is not at all clear what the Defendant means by "run of the mill expense report infractions." Indeed, it is the Defendant who asserts that the payment of holiday parties for physicians by expensing those costs on expense reports would be a violation of Defendant's compliance policies. Whether or not violations of Defendant's compliance policies by other Takeda employees are of a sufficiently similar nature to the alleged actions of Ms. Kragor so as to make those employees comparators to Ms. Kragor, is a disputed issue of

16

fact to be decided by a jury. *Wright v. Kimberly Clark*, 1:08-cv-3897-RLV,

N.D.G.A. May 3, 2011.

Respectfully submitted, this 16th day of May 2011.

> s/Robert N. Marx
> Georgia Bar No. 475280
> Jean Simonoff Marx
> Georgia Bar No. 465276
> Attorneys for Plaintiff
> Marx & Marx, L.L.C.
> 5555 Glenridge Connector, Suite 200
> Atlanta, Georgia 30342
> Telephone:  (404) 261-9559
> E-mail:  lawyers@marxlaw.com

## CERTIFICATE OF COMPLIANCE

In accordance with L.R. 7.1(D), counsel for Plaintiffs hereby certifies that

this document was prepared in Times New Roman, 14-point font, as permitted by

L.R. 5.1(B).

> s/Robert N. Marx_____
> Robert N. Marx

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA KRAGOR,                              x

          Plaintiff,                    :

vs.                                          :    CIVIL ACTION
                                                  FILE NO. 1:10-cv-00125-WCO

TAKEDA PHARMACEUTICALS                       :
AMERICA, INC.,
          Defendant.                    :
_____ x

## CERTIFICATE OF SERVICE

This is to certify that on May 16, 201I, I electronically filed: **Plaintiff's Response to Defendant's Statement of Undisputed Material Facts,** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filings to the following attorney of record:

> Patrick F. Clark, Esq.
> Ogletree Deakins Nash Smoak & Stewart, P.C.
> 191 Peachtree Street, N.E.
> Suite 4800
> Atlanta, GA 30303

Respectfully submitted, this 16th day of May 2011.

> **s/Robert N. Marx**
> Robert N. Marx, Esq.
> Georgia Bar Number 475280
> Jean Simonoff Marx, Esq.
> Georgia Bar No. 475276
> Marx & Marx, L.L.C.
> 5555 Glenridge Connector, Suite 200
> Atlanta, Georgia 30342
> Telephone:  (404) 261-9559
> lawyers@marxlaw.com

18

Attorneys for Plaintiff