IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA KRAGOR,                         x

        Plaintiff,              :

                                 Civil Action No.
                                 1:10-cv-00125-WCO

vs.                                     :

TAKEDA PHARMACEUTICALS            :
AMERICA, INC.

                       :

        Defendant.

_____x

## DECLARATION OF DR. BRUCE BODE

I, DR. BRUCE BODE, pursuant to 28 U.S.C. Sec. 1746, declare and state as

follows under penalty of perjury:

1.  I am a physician, practicing in the Atlanta metropolitan area.  I specialize

in the treatment of diabetes.  My practice is located at Atlanta Diabetes Associates,

77 Collier Rd Suite 2080, Atlanta, GA 30309.

2.  I am familiar with Takeda Pharmaceuticals, sued herein as Takeda

Pharmaceuticals America, Inc. (hereinafter "Takeda").  For the past several years I

have been a speaker at numerous events sponsored by Takeda.

3.  I have known one Bud Kragor as a friend with whom I golf for many

years, since before I started speaking at Takeda sponsored events.  I met Barbara

1

Kragor at one of the Takeda sponsored speaking events.  I know Ms. Kragor solely on a professional basis, as a former Takeda representative. It was only when I met both Bud and Barbara Kragor together at a Takeda sponsored speaking event that I realized they were spouses.

4.  My understanding is that Bud Kragor is a pilot for Delta Airlines.  I understand that as a pilot for Delta Airlines he is able to obtain discounted airline tickets, known as buddy passes.  During the course of my friendship with Bud Kragor I have purchased buddy passes from Bud Kragor, both before and after I became aware that Bud and Barbara Kragor are spouses.  On all such occasions I would pay the full price of the buddy pass.  After I became aware that Bud and Barbara Kragor are spouses, I had an occasion where Bud Kragor was providing me with a buddy pass for which I was paying, but since Bud was in the cockpit and without a laptop, he instructed me to call Barbara Kragor, so that she could facilitate his transaction with me pertinent to the buddy pass. Barbara Kragor acted as Bud Kragor's intermediary.  While Ms. Kragor might have physically been the person who hit the buttons on the computer at her husband's direction through me, my understanding at the time, and continuing belief to this day is that Ms. Kragor was doing that solely on behalf of her husband who did not have a computer with him in the cockpit. As previously stated, I paid full price for the price of the buddy pass.

2

5.  I have a membership at the Doonbeg golf club in Ireland.  In or about July/August I made arrangements for Bud Kragor and his two sons to golf at that golf club.  Since I held the membership at the golf club and Mr. Kragor did not, it was necessary for the expenses of the outing to be billed directly to me, and I would then be reimbursed by Bud Kragor.  Since Bud Kragor was unavailable at the time that the arrangements were being made, I dealt with Barbara Kragor regarding those golfing reservations.  After I received the bill for the golf outing I was subsequently reimbursed by Bud Kragor.

6.  I have never received a buddy pass without paying for it.  I have never received anything of value from Barbara Kragor.  I have never received any gift of any kind from Barbara Kragor.  To my knowledge, neither I nor my practice have ever received any item of value or any gift of any kind from Barbara Kragor.

7.  I was never asked any questions about buddy passes or any of the above information by anybody at Takeda. If any investigation was done, no one contacted me.

8.  After Barbara Kragor was fired by Takeda I made numerous phone calls to upper level management in order to make clear that Barbara Kragor had nothing to do with buddy passes.  I received a telephone call from Dan Orlando.  Dan Orlando told me that Barbara Kragor was an exceptional employee, that she had

3

done nothing wrong, that she had done everything right, and further indicated that

she should not have been fired.

Executed on this 13th day of May 2011.

Bruce W Bode MD
BRUCE W. BODE, MD