EXHIBIT 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Rome

MAY 03 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ROBERT WRIGHT,

      Plaintiff,

v.

KIMBERLY-CLARK GLOBAL SALES,
LLC,

      Defendant.

CIVIL ACTION

NO. 1:08-CV-3897-RLV

## O R D E R

This case, alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., comes before the court on the defendant's motion for summary judgment [Doc. No. 65].

In its motion for summary judgment, the defendant argues that the plaintiff cannot establish a *prima facie* case of age discrimination because he was not replaced by a younger individual and cannot show that a younger individual was treated more favorably. Specifically, the defendant argues that the plaintiff cannot identify a single valid comparator. Furthermore, in its motion, the defendant argues that the plaintiff was terminated because the plaintiff "failed to demonstrate to his managers the ability to perform his job at the level the Company expected from an employee in his position and with his experience" and not because of his age. Finally, the defendant argues that the

plaintiff cannot establish that the defendant's reason for terminating the plaintiff's employment is pretext for discrimination.

A review of the record reveals that there are material facts in dispute, which prevent this court from granting the defendant's motion for summary judgment. While the defendant argues that each of the plaintiff's comparators is not similarly situated to the plaintiff for a variety of reasons, determining whether individuals are similarly situated is generally a question of fact for the jury to decide. See generally Douglas Asphalt Co. v. Qore, Inc., 541 F.3d 1269, 1274-75 (11th Cir. 2008).[1] By pointing to these seven younger individuals who were allegedly treated differently from him, the plaintiff has established a *prima facie* case of ADEA discrimination, which requires only a *de minimis* demonstration. Because the defendant has provided a legitimate, non-discriminatory reason for the plaintiff's termination, the burden shifts back to the plaintiff to demonstrate that the reason provided by the

---

[1] In a footnote in its reply brief, the defendant argues that all of the evaluations of the putative comparators relied upon by the plaintiff are inadmissible because the plaintiff has failed to authenticate the documents or otherwise provide any foundation for their consideration. However, this argument lacks merit because the evaluations of the putative comparators came from the defendant's business records.

2

defendant was pretextual.  If the jury were to find that one or more younger similarly situated employees received the same or lower performance ratings than the plaintiff but were not terminated, a jury could reasonably find the defendant's articulation of a legitimate reason to be pretextual.[2]

While the defendant may argue that each of the younger individuals was different from the plaintiff in a variety of ways, determining whether these individuals are "similarly situated" to the plaintiff is a factual question that cannot be resolved on a motion for summary judgment.  While the defendant concedes that these evaluations played a part in the plaintiff's termination, the defendant also argues that he was terminated also because of a long history of poor performance, including his lack of leadership skills, his attitude, and his failure to follow instructions when completing certain tasks assigned to him.  However, shifting reasons for an individual's termination may also lead a jury to

---

[2] In their briefs, the defendant cited to Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004), for the proposition that a similarly-situated employee must be "nearly identical to the plaintiff."  Additionally, the defendant cited Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997), for the proposition that comparators must be "similarly situated in all relevant respects."  However, the case law has not precisely defined when two people are "nearly identical" or "similarly situated in all relevant respects" because these types of inquiries are often factual questions for a jury to decide.

3

conclude that the reasons provided for an individual's termination were pretextual.

For the above reasons, the defendant's motion for summary judgment [Doc. No. 65] is DENIED. On or before May 13, 2011, the parties are directed to provide the court with their consolidated pretrial order.

SO ORDERED, this _3rd_ day of ~~April~~ May, 2011.

ROBERT L. VINING, JR.
Senior United States District Judge

4